UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*,[1] | : | Case No. 08-12229 (MFW) |
| Debtors. | : | Jointly Administered |
| WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | : | Adversary Proceeding No. 09-50934 (MFW) |
| Plaintiffs and Counterclaim Defendants, | : | |
| v. | : | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : | |
| Defendant and Counterclaimant. | : | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : | |
| Cross-Claimant, | : | |
| v. | : | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Washington Mutual Bank, Henderson, Nevada, | : | |
| Cross-Claim Defendant. | : | |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors continue to share the principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

# DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S MOTION TO EXCEED PAGE LIMITATION

Defendant JPMorgan Chase Bank, N.A. ("JPMC"), by and through its undersigned counsel, hereby moves for an order that its Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("Opposition Brief") may exceed the forty (40) page limit on answering briefs set forth in Local Rule 7007-2(a)(iv) of the United States Bankruptcy Court for the District of Delaware and in support thereof states the following:

1. Despite JPMC's best efforts, the Opposition Brief exceeds forty (40) pages. A longer Opposition Brief is necessitated by the myriad issues raised by the Motion for Summary Judgment (the "SJ Motion") filed by Washington Mutual, Inc. and WMI Investment Corp. (collectively "Debtors"). Debtors SJ Motion asks this Court, prior to any discovery, to turnover of approximately $4 billion that Debtors claim was contained in five purported deposit accounts at Washington Mutual Bank, Henderson, Nevada ("WMB") and one at its subsidiary Washington Mutual Bank fsb ("WMB fsb") when the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for WMB (the "Disputed Accounts").

2. Facing a potential *$4 billion liability*, JPMC must be afforded the opportunity to fully and fairly present its defense. Debtors' moving papers ignore or give cursory treatment to a multitude of issues relating to the Disputed Accounts that JPMC must address extensively in opposing the SJ Motion in order to identify and explain clearly why material issues of fact exist.

3. To adequately oppose Debtors' SJ Motion, it is necessary for JPMC to address and explain numerous background factual matters, including, among others, the facts and circumstances surrounding the Disputed Accounts, the circumstances and events involved in a $3.67 billion book entry transfer directed by Debtors on the eve of receivership and a corresponding loan, the workings of Washington Mutual's integrated cash management system, the circumstances of Washington Mutual's capital raising activities, and Washington Mutual's relationship with its banking regulators. It is also necessary for JPMC to explain applicable banking laws and regulations, various Washington Mutual policies, and relevant bankruptcy law. And to properly oppose the SJ Motion JPMC must also identify the many issues that are raised and put into dispute by Debtors' motion and explain why that is so. This includes explaining why there are material disputes involving the nature and character of the six Disputed Accounts, what funds are actually in the accounts, who owns those funds, who else has asserted claims to the funds, and why and to what extent JPMC has rights of setoff and recoupment. JPMC's Opposition Brief is supported by numerous declarations and documents, including two expert declarations, each of which must be integrated and explained in the context of the issues to which it relates.

4. Debtors filed their SJ Motion before any discovery has been, or has been permitted to be, taken in this action. This has added to the scope of JPMC's response to the SJ Motion by making it necessary for JPMC to identify the substantial additional discovery that needs to be taken and the reasons why the issues presented

by Debtors cannot be resolved without it, in accordance with Rule 56(f) of the Federal Rules of Civil Procedure.

5. JPMC is sensitive to the burdens under which this Court labors, but the complex issues presented cannot properly be addressed by JPMC within the limit set by Local Rule 7007-2. JPMC will be prejudiced if it is not afforded the opportunity to explain its position fully, particularly given the magnitude and complexity of the issue before the Court.

6. Because JPMC's Motion to Exceed the Page Limitation presents no novel question of law, and given the nature of the relief requested herein, JPMC waives its right to file a separate brief in support hereof consistent with Local Rule 7007-1(a).

WHEREFORE, JPMC respectfully requests that this Court enter the order attached as Exhibit A granting JPMC's Motion to Exceed the Page Limitation and accept the 65-page Opposition Brief filed contemporaneously herewith.

Dated: July 24, 2009
Wilmington, Delaware

Respectfully submitted,

 /s/ Matthew B. McGuire
Adam G. Landis (I.D. 3407)
Matthew B. McGuire (I.D. 4366)
LANDIS RATH & COBB LLP
919 Market Street Suite 1800
Wilmington, DE 19899
Tel: (302) 467-4400
Fax: (302) 467-4450
landis@lrclaw.com
mcguire@lrclaw.com

– and –

Robert A. Sacks  
Hydee R. Feldstein  
SULLIVAN & CROMWELL LLP  
1888 Century Park East  
Los Angeles, California  90067  
Tel:  (310) 712-6600  
Fax :  (310) 712-8800  
sacksr@sullcrom.com  
feldsteinh@sullcrom.com  

Bruce E. Clark  
Stacey R. Friedman  
SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, New York 10004  
Tel :  (212) 558-4000  
Fax (212) 558-3588  
clarkb@sullcrom.com  
friedmans@sullcrom.com  

*Counsel for JPMorgan Chase Bank, National Association*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

--------------------------------------------------- x
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., *et al.*,[1] : Case No. 08-12229 (MFW)
:
    Debtors. : Jointly Administered
:
--------------------------------------------------- x
WASHINGTON MUTUAL, INC. AND :
WMI INVESTMENT CORP., : Adversary Proceeding No. 09-50934
: (MFW)
    Plaintiffs and Counterclaim :
    Defendants, : **[PROPOSED] ORDER**
:
    v. :
:
JPMORGAN CHASE BANK, NATIONAL :
ASSOCIATION, :
:
    Defendant and Counterclaimant. :
--------------------------------------------------- x
JPMORGAN CHASE BANK, NATIONAL :
ASSOCIATION, :
:
    Cross-Claimant, :
:
    **v.** :
:
FEDERAL DEPOSIT INSURANCE :
CORPORATION, as Receiver of :
Washington Mutual Bank, Henderson, :
Nevada, :
:
    Cross-Claim Defendant. :
--------------------------------------------------- x

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors continue to share the principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

**[PROPOSED] ORDER GRANTING JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Upon consideration of the Motion, dated July 24, 2009, of Defendant JPMorgan Chase Bank, N.A. ("JPMC") for leave to exceed the page limit; it is hereby

ORDERED that JPMC's Motion is GRANTED; and it is further

ORDERED that the concurrently filed Opposition Brief is hereby ACCEPTED and DEEMED filed.

SO ORDERED this ___ day of _____, 2009

_____
Honorable Mary Walrath
United States Bankruptcy Judge