# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | : Case No. 08-12229 (MFW) |
| Debtors. | : Jointly Administered |
| | : |
| WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | : Adversary Proceeding No. 09-50934 (MFW) |
| Plaintiffs, | : |
| v. | : |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : |
| Defendant, | : |
| - and - | : |
| BANK BONDHOLDERS, | : |
| Applicants to Intervene. | : |

## BANK BONDHOLDERS' STATEMENT IN OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

The holders of senior notes issued by Washington Mutual Bank ("WMB") listed below[2] (the "Bank Bondholders") submit this Statement in Opposition to Debtors' Motion for Summary Judgment.

The Bank Bondholders hold, in the aggregate, more than $1 billion in outstanding principal amount of the senior notes ("Senior Notes") issued by WMB, a no-longer-operating federally-chartered savings association formerly owned by WMI, and now in receivership. Although the receiver of WMB, the Federal Deposit Insurance Corporation ("FDIC"), has recognized the Bank Bondholders' claims on the Senior Notes as a "legitimate liability of the receivership,"[3] the Bank Bondholders face significant losses on their bonds because of the limited assets currently held by the receivership estate.[4] Recognizing this reality, the Bank Bondholders have filed proofs of claim in the Debtors' bankruptcy cases, asserting, *inter alia*, that the Debtors are directly liable to the Bank Bondholders on alter ego, veil piercing, fraudulent transfers, and other related theories. *See* Amended Proofs of Claim Nos. 3710 and 3711, filed in Bankruptcy Case Nos. 08-12228 and 08-12229 (attached as Exhibit A and Exhibit B hereto). Because of the significant impact that this adversary proceeding may have on the Bondholders'

---

[2] The Bank Bondholders are Bank of Scotland plc; Fir Tree Capital Opportunity Master Fund, L.P.; Fir Tree Value Master Fund, L.P.; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; The Governor and Company of the Bank of Ireland; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore), Ltd.; Värde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.; York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

[3] *See* Memorandum in Support of Bank Bondholders' Motion to Intervene in Pending Adversary Proceedings at 1, filed on July 15, 2009, in Adv. Proc. No. 09-50934, Dkt. No. 83.

[4] The WMB receivership estate is holding only approximately $1.9 billion (the proceeds realized from the sale of substantially all the assets of WMB to JPMC) compared to at least $6.1 billion in undisputed liabilities.

recovery, both from the Debtors' bankruptcy estates and the WMB receivership estate, the Bank Bondholders have moved to intervene in this adversary proceeding. *See* Bank Bondholders' Motion to Intervene in Pending Adversary Proceedings, filed on July 15, 2009, in Adv. Proc. No. 09-50934, Dkt. No. 82.[5] Briefing on that motion is not yet complete, however, and the Bank Bondholders file this Statement in Opposition to the Debtors' motion for summary judgment in order to protect their position pending resolution of their motion to intervene.[6]

In their oppositions to the Debtors' motion for summary judgment, JPMorgan Chase Bank, N.A. ("JPMC") and the FDIC, lay out in detail a myriad of material issues of disputed fact regarding the Debtors' rights, if any, to the funds in the accounts that are the subject of this adversary proceeding. Among other such issues, even if some or all of those funds represented legitimate deposit liabilities otherwise owed to the Debtors, the WMB receivership estate has the right to require the return of the deposits to WMB under the terms of the FDIC-JPMC Purchase and Assumption Agreement, and WMB has substantial offsetting claims against the Debtors. *See* JPMC Opp. at 45-46; FDIC Opp. at 13-14; *see also* Bank Bondholders' Amended Proofs of Claim, Nos. 3710 and 3711 (Attachment ¶7); FDIC Proof of Claim, dated March 26, 2009 (attached as Exhibit C). Such setoff rights alone are sufficient to defeat the Debtors' turnover claim. *See* 11 U.S.C. § 542(b) ("an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, *except to the extent that such debt may be offset under section 553 of this title against*

---

[5] In the same Motion, Bank Bondholders also seek to intervene in the related adversary proceeding filed by JP Morgan Chase Bank, NA, Adv. Proc. No. 09-50551 (Bankr. D. Del.), with respect to Count 8 only.

[6] Given the substantial factual issues clearly laid out by JPMC and the FDIC in their oppositions, the Bank Bondholders would not anticipate the need to file any additional papers opposing the Debtors' summary judgment motion were the Court to grant the Bank Bondholders' motion to intervene prior to a decision on the summary judgment motion.

*a claim against the debtor*") (emphasis added). The Debtors' only real response is to assert that much of the claimed deposit liability was owed, not by WMB, but rather by its affiliate WMBfsb, as of the petition date and, therefore, the Debtors say, WMB lacks setoff rights. But JPMC and the FDIC describe in detail why the supposed transfer of the deposits from WMB to WMBfsb may well never have occurred and, in any event, this obvious effort by the Debtors in the days immediately before their bankruptcy filing to defeat WMB's setoff rights is plainly an avoidable fraudulent transfer. All of these issues would need to be resolved in the Debtors' favor before they would be entitled to a judgment of turnover; each of them precludes the grant of summary judgment to the Debtors on their turnover claim.

Debtors' motion for summary judgment is just one more step in the effort by WMI and its bondholders to advantage themselves over the WMB bondholders, and turn the normal rules of structural subordination on their head. Before WMB was placed into receivership and the Debtors filed their chapter 11 petitions, both WMI, a holding company with no operations of its own, and its subsidiary WMB, a federally-chartered bank wholly owned by WMI, issued bonds, with the expectation, as in every other case, that the debt issued by the holding company, WMI, would be structurally subordinated to the debt issued by the operating company, WMB. In this adversary—as well as in related litigation, both in this Court and in District Court in the District of Columbia—the Debtors and their bondholders attempt to avoid this basic rule of corporate finance and law by claiming as their own assets that (to the extent they were not sold by the FDIC to JPMC) belong to the WMB receivership estate and WMB's creditors. As shown in the JPMC and FDIC oppositions, however, Debtors' proof falls far short of establishing an undisputed right in the assets. Debtors' motion for summary judgment should be denied.

- 3 -

92277-001\DOCS_DE:151585.1

Dated: August 3, 2009

Respectfully submitted,

Intervenor-Applicants Bank Bondholders

By their Attorneys,

/s/ Laura Davis Jones
Laura Davis Jones
Alan Kornfeld
Timothy P. Cairns
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Philip D. Anker
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Russell J. Bruemmer
Gianna Ravenscroft
Nancy L. Manzer
Lisa Ewart
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363