IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>WASHINGTON MUTUAL, INC., et al.,[1]<br><br>Debtors. | : Chapter 11<br>:<br>: Case No. 08-12229 (MFW)<br>:<br>: Jointly Administered |
| WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>    Defendant, Counterclaim and Cross-claim Plaintiff<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver,<br><br>    Cross-claim Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: Adv. Proc. No. 09-50934 (MFW)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER OF FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER TO AMENDED COUNTERCLAIMS / CROSS-CLAIMS

Defendant the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), submits this Answer to the Amended Counterclaims / Cross-Claim (the "Counterclaims") filed in this adversary proceeding by defendant JPMorgan Chase, National Association ("JPMC"). The FDIC-Receiver's allegations are based upon knowledge as to itself and its own actions and upon information and belief as to all others.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## ANSWER TO AMENDED COUNTERCLAIMS

No response is required from the FDIC-Receiver to JPMC's answer to the adversary complaint in this action by plaintiffs Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together, the "Debtors"). This answer responds to the Counterclaims included with JPMC's answer, which include claims asserted against the FDIC-Receiver.

Unless otherwise expressly admitted, the FDIC-Receiver denies each and every allegation in the Counterclaims, including without limitation any allegations contained in its prayer, headings and subheadings. In accordance with Federal Rule of Civil Procedure 8(b)(5), as incorporated by Bankruptcy Rule 7008, to the extent the FDIC-Receiver denies knowledge or information sufficient to form a belief as to the truth of an allegation, that allegation is deemed to be denied. Further, in accordance with Federal Rule of Civil Procedure 8(b)(6), as incorporated by Bankruptcy Rule 7008, if a responsive pleading is not required to an allegation it shall be deemed to be denied. This answer is based upon the FDIC-Receiver's investigation to date, and the FDIC-Receiver expressly reserves the right to amend this answer to the full extent provided for under applicable law.

The FDIC-Receiver files this answer protectively to avoid any assertion of waiver or default and expressly reserves all of its rights and defenses, including without limitation that this Court is without subject matter jurisdiction under 12 U.S.C. § 1821(d)(13)(D) or otherwise over the disputes raised by the parties in this adversary proceeding and in a related adversary proceeding styled *JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc.,* Adv. Proc. No. 09-50551 (MFW), including the motions and appeals filed in both adversary proceedings.

1. No response is required from the FDIC-Receiver to paragraph 1 of the Counterclaims.

2. No response is required from the FDIC-Receiver to paragraph 2 of the Counterclaims.

3. No response is required from the FDIC-Receiver to paragraph 3 of the Counterclaims. The FDIC-Receiver agrees with JPMC that the disputes that are the subject of the Debtors' claims and these Counterclaims must be resolved in the action filed by the Debtors in the United States District Court for the District of Columbia styled *Washington Mutual, Inc. v. F.D.I.C.*, No. 1:09-cv-0533 (RMC) (D.D.C.) (the "D.C. Action").

4. Refers for its contents to the Purchase and Assumption Agreement, Whole Bank, among the FDIC-Receiver, the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC-Corporate") and JPMorgan Chase Bank, N.A. ("JPMC") dated as of September 25, 2008 (the "P&A Agreement"), except admits that the assets acquired by JPMC under the P&A Agreement include assets that have been claimed by the Debtors in this action or elsewhere, and denies that the Debtors' claims to such assets are proper or justified.

5. Admits that on December 30, 2008, WMI submitted a proof of claim to the FDIC-Receiver (the "WMI Receivership Proof of Claim"), that the FDIC-Receiver disallowed the claims asserted therein by letter dated January 23, 2009 and that the Debtors thereafter filed a complaint (the "WMI Complaint") against the FDIC in the D.C. Action. The FDIC-Receiver refers to the WMI Receivership Proof of Claim, the WMI Complaint and the P&A Agreement for their contents. No further response is required from the FDIC-Receiver to paragraph 5 of the Counterclaims.

6. Paragraph 6 of the Counterclaims states a legal conclusion as to which no response is required from the FDIC-Receiver.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Counterclaims, except admits that certain assets that have been

claimed by the Debtors in their schedules and other filings in these bankruptcy cases and in the WMI Receivership Proof of Claim and/or the WMI Complaint are not property of the Debtors' estates and that certain of those assets were acquired by JPMC pursuant to the P&A Agreement.

8. No response is required from the FDIC-Receiver to paragraph 8 of the Counterclaims.

9. No response is required from the FDIC-Receiver to paragraph 9 of the Counterclaims.

10. Admits paragraph 10 of the Counterclaims.

11. Admits paragraph 11 of the Counterclaims.

12. Admits paragraph 12 of the Counterclaims.

13. Denies the first sentence of paragraph 13 of the Counterclaims and avers that the FDIC is an independent agency of the United States government with its headquarters located in the District of Columbia. The FDIC acts in two legally distinct capacities when it acts (1) as insurer or regulator of depository institutions generally and (2) as the appointed receiver of specific failed depository institutions. *See Washington Bancorp. v. F.D.I.C. (In re Washington Bancorp.)*, C.A. No. 95-1340, 1996 WL 148533, at *11-12 (D.D.C. Mar. 19, 1996). This Answer is filed solely by the FDIC-Receiver, which is the only capacity in which the FDIC has been named in this adversary proceeding.

14. No response is required from the FDIC-Receiver to paragraph 14 of the Counterclaims, but to the extent any response is required the FDIC-Receiver denies paragraph 14 and states that this Court lacks subject matter jurisdiction over this adversary proceeding under 12 U.S.C. § 1821(d)(13)(D).

15. Admits the first sentence of paragraph 15 of the Counterclaims except refers for its contents to order number 2008-36 dated September 25, 2008 of the Office of Thrift

Supervision. With respect to the second sentence of paragraph 15, admits that in accordance with applicable law the FDIC ran an accelerated process for a purchase and assumption transaction with respect to the assets and liabilities of WMB, refers to the P&A Agreement for its contents and denies any remaining allegations in that paragraph.

16. Upon information and belief, admits the allegations of paragraph 16 of the Counterclaims.

17. Upon information and belief, admits the allegations of paragraph 17 of the Counterclaims.

18. Admits the allegations of paragraph 18 of the Counterclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 19 of the Counterclaims. Admits the second sentence of that paragraph. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of that paragraph.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Counterclaims.

21. Admits paragraph 21 of the Counterclaims except refers to the P&A Agreement for its contents.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Counterclaims except refers to the OTS Fact Sheet dated September 25, 2008 for its contents.

23. Denies knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 23 of the Counterclaims, and admits the second sentence of that paragraph.

24. Upon information and belief admits paragraph 24 of the Counterclaims.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Counterclaims.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Counterclaims.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Counterclaims.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Counterclaims.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Counterclaims.

30. Upon information and belief, admits the allegations of paragraph 30 of the Counterclaims.

31. No response is required from the FDIC-Receiver to paragraph 31 of the Counterclaims.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Counterclaims.

33. No response is required from the FDIC-Receiver to paragraph 33 of the Counterclaims.

34. Refers to the P&A Agreement for its contents, admits that on December 30, 2008, WMI submitted the WMI Receivership Proof of Claim and refers to that proof of claim for its contents, admits that in a letter dated January 23, 2009 the FDIC-Receiver disallowed WMI's receivership claims and admits that on March 20, 2009 the Debtors commenced the D.C. Action and refers to the WMI Complaint for its contents.

35. No response is required from the FDIC-Receiver to paragraph 35 of the Counterclaims.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Counterclaims except admits that on or about October 15, 2008, JPMC and the Debtors entered into a proposed stipulation relating to certain alleged deposit accounts that was filed with the Bankruptcy Court but later withdrawn.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Counterclaims.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Counterclaims.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Counterclaims.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 40 of the Counterclaims. No response is required from the FDIC-Receiver as to the second sentence of that paragraph.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Counterclaims.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Counterclaims.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Counterclaims.

44. Paragraph 44 of the Counterclaims states legal conclusions as to which no response is required from the FDIC-Receiver except the FDIC-Receiver refers to the P&A Agreement for its contents.

45. Paragraph 45 of the Counterclaims states legal conclusions as to which no response is required from the FDIC-Receiver.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Counterclaims.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Counterclaims.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Counterclaims.

49. Paragraph 49 of the Counterclaims states legal conclusions as to which no response is required from the FDIC-Receiver but to the extent any response is required denies knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph.

50. Paragraph 50 of the Counterclaims states legal conclusions as to which no response is required from the FDIC-Receiver.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Counterclaims.

52. Paragraph 52 of the Counterclaims states legal conclusions as to which no response is required from the FDIC-Receiver.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Counterclaims.

54. Upon information and belief, admits the allegations of paragraph 54 of the Counterclaims.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Counterclaims.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Counterclaims.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Counterclaims.

58. No response is required from the FDIC-Receiver to paragraph 58 of the Counterclaims.

59. Upon information and belief, admits the allegations in the first sentence of paragraph 59 of the Counterclaims. Denies knowledge or information sufficient to form a belief as to the truth of the remainder of that paragraph.

60. No response is required from the FDIC-Receiver to paragraph 60 of the Counterclaims, but to the extent any response is required denies knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph.

61. No response is required from the FDIC-Receiver to paragraph 61 of the Counterclaims. but to the extent any response is required denies knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph.

62. Upon information and belief admits paragraph 62 of the Counterclaims.

63. Paragraph 63 of the Counterclaims states legal conclusions as to which no response is required from the FDIC-Receiver.

64. Upon information and belief admits paragraph 64 of the Counterclaims.

65. Upon information and belief admits paragraph 65 of the Counterclaims.

66. Upon information and belief admits paragraph 66 of the Counterclaims.

67. For its response to paragraph 67 of the Counterclaims, refers to the P&A Agreement for its contents.

68. Admits the first two sentences of paragraph 68 of the Counterclaims. No response is required from the FDIC-Receiver as to the remainder of paragraph 68 of the Counterclaims, but to the extent any response is required, the FDIC-Receiver reserves all of its rights and defenses.

69. Repeats and realleges its responses to paragraphs 1 through 68 as if fully restated herein.

70. No response is required from the FDIC-Receiver to paragraph 70 of the Counterclaims.

71. No response is required from the FDIC-Receiver to paragraph 71 of the Counterclaims.

72. No response is required from the FDIC-Receiver to paragraph 72 of the Counterclaims.

73. No response is required from the FDIC-Receiver to paragraph 73 of the Counterclaims.

74. No response is required from the FDIC-Receiver to paragraph 74 of the Counterclaims.

75. Repeats and realleges its responses to paragraphs 1 through 74 as if fully restated herein.

76. No response is required from the FDIC-Receiver to paragraph 76 of the Counterclaims.

77. No response is required from the FDIC-Receiver to paragraph 77 of the Counterclaims.

78. No response is required from the FDIC-Receiver to paragraph 78 of the Counterclaims.

79. Repeats and realleges its responses to paragraphs 1 through 78 as if fully restated herein.

80. No response is required from the FDIC-Receiver to paragraph 80 of the Counterclaims.

81. No response is required from the FDIC-Receiver to paragraph 81 of the Counterclaims.

82. No response is required from the FDIC-Receiver to paragraph 82 of the Counterclaims.

83. No response is required from the FDIC-Receiver to paragraph 83 of the Counterclaims.

84. No response is required from the FDIC-Receiver to paragraph 84 of the Counterclaims.

85. Repeats and realleges its responses to paragraphs 1 through 84 as if fully restated herein.

86. No response is required from the FDIC-Receiver to paragraph 86 of the Counterclaims.

87. No response is required from the FDIC-Receiver to paragraph 87 of the Counterclaims.

88. No response is required from the FDIC-Receiver to paragraph 88 of the Counterclaims.

89. No response is required from the FDIC-Receiver to paragraph 89 of the Counterclaims.

90. No response is required from the FDIC-Receiver to paragraph 90 of the Counterclaims.

91. No response is required from the FDIC-Receiver to paragraph 91 of the Counterclaims.

92. No response is required from the FDIC-Receiver to paragraph 92 of the Counterclaims.

93. No response is required from the FDIC-Receiver to paragraph 93 of the Counterclaims.

94. No response is required from the FDIC-Receiver to paragraph 94 of the Counterclaims.

95. No response is required from the FDIC-Receiver to paragraph 95 of the Counterclaims.

96. No response is required from the FDIC-Receiver to paragraph 96 of the Counterclaims.

97. No response is required from the FDIC-Receiver to paragraph 97 of the Counterclaims.

98. No response is required from the FDIC-Receiver to paragraph 98 of the Counterclaims.

99. No response is required from the FDIC-Receiver to paragraph 99 of the Counterclaims.

100. No response is required from the FDIC-Receiver to paragraph 100 of the Counterclaims.

101. No response is required from the FDIC-Receiver to paragraph 101 of the Counterclaims.

102. No response is required from the FDIC-Receiver to paragraph 102 of the Counterclaims.

103. Repeats and realleges its responses to paragraphs 1 through 102 as if fully restated herein.

104. Refers for its contents to the P&A Agreement. No further response is required from the FDIC-Receiver to paragraph 104 of the Counterclaims.

105. No response is required from the FDIC-Receiver to paragraph 105 of the Counterclaims, except the FDIC-Receiver reserves all of its rights and defenses under the P&A Agreement or otherwise with respect to the interpleader claim.

106. Repeats and realleges its responses to paragraphs 1 through 105 as if fully restated herein.

107. No response is required from the FDIC-Receiver to paragraph 107 of the Counterclaims.

108. No response is required from the FDIC-Receiver to paragraph 108 of the Counterclaims.

109. No response is required from the FDIC-Receiver to paragraph 109 of the Counterclaims.

110. No response is required from the FDIC-Receiver to paragraph 110 of the Counterclaims.

111. No response is required from the FDIC-Receiver to paragraph 111 of the Counterclaims.

112. No response is required from the FDIC-Receiver to paragraph 112 of the Counterclaims.

113. No response is required from the FDIC-Receiver to paragraph 113 of the Counterclaims.

114. Repeats and realleges its responses to paragraphs 1 through 113 as if fully restated herein.

115. Refers for its contents to the P&A Agreement, admits that the parties have taken the respective positions set forth in the first and second sentences of paragraph 115 of the Counterclaims, and no response is required from the FDIC-Receiver to the third sentence of that paragraph.

116. Refers to the P&A Agreement for its contents and admits the remaining allegations in paragraph 116 of the Counterclaims.

117. No response is required from the FDIC-Receiver to paragraph 117 of the Counterclaims.

118. No response is required from the FDIC-Receiver to paragraph 118 of the Counterclaims.

119. Repeats and realleges its responses to paragraphs 1 through 118 as if fully restated herein.

120. No response is required from the FDIC-Receiver to paragraph 120 of the Counterclaims.

121. No response is required from the FDIC-Receiver to paragraph 121 of the Counterclaims.

122. Repeats and realleges its responses to paragraphs 1 through 121 as if fully restated herein.

123. No response is required from the FDIC-Receiver to paragraph 123 of the Counterclaims.

124. No response is required from the FDIC-Receiver to paragraph 124 of the Counterclaims.

125. No response is required from the FDIC-Receiver to paragraph 125 of the Counterclaims.

126. Repeats and realleges its responses to paragraphs 1 through 125 as if fully restated herein.

127. No response is required from the FDIC-Receiver to paragraph 127 of the Counterclaims.

128. No response is required from the FDIC-Receiver to paragraph 128 of the Counterclaims.

129. Repeats and realleges its responses to paragraphs 1 through 128 as if fully restated herein.

130. No response is required from the FDIC-Receiver to paragraph 130 of the Counterclaims.

131. No response is required from the FDIC-Receiver as to any remaining allegations or claims in the Counterclaims, including in its Prayer for Relief, but to the extent any response is deemed to be required, the FDIC-Receiver denies any and all of such allegations.

## DEFENSES

The FDIC-Receiver states the following defenses without assuming the burden of proof as to any issue for which the burden is placed on another party. The FDIC-Receiver lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses. The FDIC-Receiver reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise and reserves the right to amend its Answer to assert any such defense. The FDIC-Receiver incorporates into this Answer and asserts any defense asserted in this action by any other party to the extent such defense is applicable to the FDIC-Receiver.

### First Defense

This Court lacks subject matter jurisdiction over this action.

### Second Defense

The parties' claims, in whole or in part, fail to state a claim upon which relief can be granted.

### Third Defense

The Debtors and JPMC lack standing to assert some or all of their respective claims.

### Fourth Defense

The parties' claims are barred under 12 U.S.C. § 1821(j) to the extent they seek to restrain or affect the exercise of powers or functions of the FDIC-Receiver.

### Fifth Defense

The parties' claims are barred, in applicable part, by 12 U.S.C. § 1821(d)(13)(D).

### Sixth Defense

Any claim by the Debtors with respect to the disputed deposit accounts is barred, in applicable part, under 12 U.S.C. § 1821(d)(17) and/or other applicable law governing fraudulent transfers.

### Seventh Defense

The Debtors' claims are barred, in applicable part, under 12 U.S.C. § 1823(e) or the statute of frauds.

### Eighth Defense

The Debtors' claims are barred, in whole or in part, by estoppel.

### Ninth Defense

The Debtors' claims are barred, in whole or in part, by waiver.

### Tenth Defense

The Debtors' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eleventh Defense

The Debtors' claims are barred, in whole or in part, by the doctrine of laches.

### Twelfth Defense

The Debtors' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Thirteenth Defense

The Debtors' claims are barred, in whole or in part, by WMI's participation in, approval of or ratification of the conduct upon which those claims are based.

### Fourteenth Defense

The Debtors have suffered no legally cognizable damages.

### Fifteenth Defense

The acts or omissions of the FDIC-Receiver did not proximately cause any of the Debtors' alleged damages or harm.

### Sixteenth Defense

The Debtors' claims are barred, in whole or in part, by payment.

### Seventeenth Defense

The Debtors' claims are barred, in applicable part, under the Internal Revenue Code and the rules, regulations, rulings and opinions promulgated thereunder.

**Eighteenth Defense**

The Debtors' claims are barred, in part, by the applicable statute of limitations.

Dated: Wilmington, Delaware
August 20, 2009

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

By: /s/ Robert S. Brady
Robert S. Brady (Bar No. 2847)
M. Blake Cleary (Bar No. 3614)
Jaime N. Luton (Bar No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
mbcleary@ycst.com
jluton@ycst.com

- and -

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
thomas.califano@dlapiper.com
john.clarke@dlapiper.com

Attorneys for the FDIC-Receiver