# Exhibit A



LEXSEE 490 US 495



Warning
As of: Sep 23, 2009

## LAURO LINES S.R.L. v. CHASSER ET AL.

No. 88-23

### SUPREME COURT OF THE UNITED STATES

*490 U.S. 495; 109 S. Ct. 1976; 104 L. Ed. 2d 548; 1989 U.S. LEXIS 2538; 57 U.S.L.W. 4543; 1989 AMC 1474*

**April 17, 1989, Argued**
**May 22, 1989, Decided**

**PRIOR HISTORY:** CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT.

**DISPOSITION:** 844 F. 2d 50, affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The Court of Appeals for the Second Circuit dismissed petitioner cruise line's appeal on the ground that the district court's orders denying the cruise line's motions to dismiss were interlocutory and not appealable under 28 U.S.C.S. § 1291. Petitioner sought review by writ of certiorari.

**OVERVIEW:** Respondent passengers brought suit against the cruise line in federal district court to recover damages for certain injuries. Subsequently, the district court denied the cruise line's motions to dismiss, holding that the ticket as a whole did not give reasonable notice to passengers that they were waiving the opportunity to sue in a domestic forum. The court of appeals dismissed the cruise line's appeal on the ground that the district court's orders were interlocutory and not appealable. On certiorari, the United States Supreme Court ruled that the court of appeals properly dismissed the appeal. The Court noted that 28 U.S.C.S. § 1291 permitted an appeal only if an order denying a motion to dismiss based upon a forum-selection clause fell within the collateral order doctrine. The Court noted that the district court's orders failed to satisfy the third requirement of the collateral order test in that such orders had to be effectively unreviewable on appeal from a final judgment. The Court stated that the cruise line's claim that it could be sued only in Naples, while not perfectly secured by appeal after final judgment, was adequately vindicable at that stage.

**OUTCOME:** The Court affirmed the judgment of the court of appeals.

**DECISION:**

Federal District Court order denying motion to dismiss damages action on basis of contractual forum-selection clause held not immediately appealable under 28 USCS 1291 as collateral final order.

**SUMMARY:**

A cruise ship which was owned by an Italian company was hijacked by terrorists in the Mediterranean Sea. During the hijacking, several American passengers sustained injuries, and one American passenger was killed. Actions were later filed by such passengers or their personal representatives in the United States District Court for the Southern District of New York against the company, to recover damages for the wrongful death of the slain passenger and for the injuries sustained by the other passengers. The company moved to dismiss the actions, on the ground that a forum-selection clause printed on

each passenger ticket obligated passengers to institute any suit arising in connection with the contract in Naples, Italy, and to renounce the right to sue elsewhere. The District Court denied the company's dismissal motions, holding that the tickets did not give the passengers reasonable notice that they were waiving their opportunity to sue the company in a domestic forum over a contract made and delivered in the United States. The company appealed, but the United States Court of Appeals for the Second Circuit dismissed the appeal (*844 F2d 50*), holding that the District Court's interlocutory order denying the company's motions to dismiss was not immediately appealable under *28 USCS 1291*, since such order did not fall within the exception for collateral final orders established by *Cohen v Beneficial Industrial Loan Corp. (1949) 337 US 541, 93 L Ed 1528, 69 S Ct 1221*.

On certiorari, the United States Supreme Court affirmed. In an opinion by Brennan, J., expressing the unanimous view of the court, it was held that the District Court's interlocutory order denying the defendant's motion to dismiss the damages action on the basis of the contractual forum-selection clause was not immediately appealable under 1291 as a collateral final order, because such order failed to satisfy the requirement for appealability, under the collateral order doctrine, of being effectively unreviewable on appeal from a final judgment, in that (1) the defendant's claim that it may be sued only in the forum designated in such clause, while not perfectly secured by appeal after final judgment, was adequately vindicable at that stage, and (2) immediate appealability of such an order, insofar as it depended upon satisfaction of such requirement, turned on the precise contours of the right asserted by the defendant, and not upon the likelihood of the defendant's eventual success on the merits.

Scalia, J., concurring, joined the court's opinion and expressed the view that the right not to be tried in a particular court--whether such right was established by law or created by private agreement--was not sufficiently important to overcome the policies militating against interlocutory appeals.

**LAWYERS' EDITION HEADNOTES:**

[***LEdHN1]

APPEAL §38

reviewability -- denial of motion to dismiss -- contractual forum-selection clause --

Headnote:[1A][1B][1C]

An interlocutory order of a Federal District Court denying a defendant's motion to dismiss a damages action on the basis of a contractual forum-selection clause is not immediately appealable under *28 USCS 1291* as a collateral final order, because such an order fails to satisfy the requirement for appealability, under the collateral order doctrine, of being effectively unreviewable on appeal from a final judgment, in that (1) a defendant's claim that it may be sued only in the forum designated in such clause, while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage--being as effectively vindicable as a claim that the trial court lacked personal jurisdiction over the defendant--and hence does not meet such requirement, and (2) immediate appealability of such an order, insofar as it depends upon satisfaction of such requirement, turns on the precise contours of the right asserted by the defendant, and not upon the likelihood of the defendant's eventual success on the merits.

[***LEdHN2]

APPEAL §23

reviewability -- final judgment --

Headnote:[2]

For purposes of *28 USCS 1291*, a final judgment of a Federal District Court from which a party may take an appeal is generally regarded as a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.

[***LEdHN3]

APPEAL §23

reviewability -- finality of order -- denial of motion to dismiss -- contractual forum-selection clause -- collateral order doctrine --

Headnote:[3]

A Federal District Court order denying a motion to dismiss a civil action on the ground that a contractual forum-selection clause requires that such suit be brought in another jurisdiction is not a decision on the merits that ends the litigation, but on the contrary insures that litigation will continue in the District Court, and thus *28 USCS 1291* permits an appeal of such an order only if it falls within the narrow exception to the normal application of the final judgment rule that has come to be known as the collateral order doctrine, which exception is for a small class of prejudgment orders that finally determine claims of right separable from, and collateral to, rights asserted in the action, and that are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

[***LEdHN4]

APPEAL §23

reviewability -- final judgment -- collateral order doctrine --

Headnote:[4A][4B]

In order to fall within the collateral order exception to the rule that only a final judgment ending the litigation on the merits is appealable, an order must satisfy at least three conditions: it must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment; as a general rule, an order is "effectively unreviewable" under such standard only where such order involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.

## SYLLABUS

Respondents -- passengers and representatives of the estates of passengers on a cruise ship hijacked by terrorists -- filed suit in the District Court against petitioner, the ship's owner, to recover damages for personal injuries and for the wrongful death of one passenger. Before trial, petitioner moved to dismiss the actions, citing the forum-selection clause printed on each passenger ticket, which purported to obligate passengers to institute any suit in connection with the contract in Italy and to renounce the right to sue elsewhere. The District Court denied the motions, holding that the ticket did not give passengers reasonable notice that they were waiving the opportunity to sue in a domestic forum. The Court of Appeals dismissed petitioner's appeal on the ground that the District Court's dismissal orders were interlocutory and not appealable under *28 U. S. C. § 1291*, holding that the orders did not fall within the exception to the rule of nonappealability carved out by the collateral order doctrine.

*Held:* An interlocutory order denying a defendant's motion to dismiss a damages action on the basis of a contractual forum-selection clause is not immediately appealable under *§ 1291*. Such an order is not final in the usual sense, for it does not end the litigation on the merits but, on the contrary, ensures that the litigation will continue. Nor does the order fall within the narrow exception to the normal application of the final judgment rule known as the collateral order doctrine, for the order is not effectively unreviewable on appeal from final judgment. The right to be sued only in a particular forum, as compared to the right to avoid suit altogether, although not perfectly secured by an appeal after final judgment, is sufficiently vindicable at that stage and is not essentially destroyed if vindication is postponed until trial is completed. Moreover, the costs associated with unnecessary litigation, should it eventually be decided that the District Court erred in trying the case, do not warrant allowing an immediate appeal of a pretrial order. That there may be a policy favoring enforcement of foreign forum-selection clauses goes to the merits of petitioner's claim that its ticket agreement requires that suit be filed in Italy and that the agreement should be enforced by the federal courts, but does not affect the appealability of a prejudgment order, which turns on the contours of the right asserted, not on the likelihood of eventual success on the merits. Pp. 497-501.

**COUNSEL:** Raymond A. Connell argued the cause for petitioner. With him on the briefs were John R. Geraghty and LeRoy Lambert. Daniel J. Dougherty filed a brief for Chandris, Inc., respondent under this Court's Rule 19.6 in support of petitioner.

Arnold I. Burns argued the cause for respondents. On the brief were Morris J. Eisen and William P. Larsen, Jr.

**JUDGES:** Brennan, J., delivered the opinion for a unanimous Court. Scalia, J., filed a concurring opinion, post, p. 502.

**OPINION BY:** BRENNAN

**OPINION**

[*496] [***552] [**1977] JUSTICE BRENNAN delivered the opinion of the Court.

[***LEdHR1A] [1A]We granted certiorari to consider whether an interlocutory order of a United States District Court denying a defendant's motion to dismiss a damages action on the basis of a contractual forum-selection clause is immediately appealable under *28 U. S. C. § 1291* as a collateral final order. We hold that it is not.

I

The individual respondents were, or represent the estates of persons who were, passengers aboard the cruise ship Achille Lauro when it was hijacked by terrorists in the Mediterranean in October 1985. Petitioner Lauro Lines s.r.l., an Italian company, owns the Achille Lauro. Respondents filed suits against Lauro Lines in the District Court for the Southern District of New York to recover damages for injuries sustained as a result of the hijacking and for the wrongful death of passenger Leon Klinghoffer. Lauro Lines moved before trial to dismiss the actions, citing the forum-selection clause printed on each passenger ticket. This clause purported to obligate the passenger to institute any suit arising in connection with the contract in Naples, Italy, and to renounce the right to sue elsewhere.

[\*497] The District Court denied petitioner's motions to dismiss, holding that the ticket as a whole did not give reasonable notice to passengers that they were waiving the opportunity to sue in a domestic forum. Without moving for certification for immediate appeal pursuant to *28 U. S. C. § 1292(b)*, Lauro Lines sought to appeal the District Court's orders. The Court of Appeals for the Second Circuit dismissed petitioner's appeal on the ground that the District Court's orders denying petitioner's motions to dismiss were interlocutory and not appealable under *§ 1291*. The court held that the orders did not fall within the exception to the rule of nonappealability carved out for collateral final orders in *Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). 844 F. 2d 50 (1988)*. We granted certiorari to resolve a disagreement among the Courts of Appeals. *488 U.S. 887 (1988)*. Compare, e. g., *844 F. 2d 50 (1988)* (case below); *Rohrer, Hibler & Replogle, Inc. v. Perkins, 728 F. 2d 860, 862-863* (CA7) (holding prejudgment denial of motion to dismiss on basis of forum-selection clause not to be immediately appealable under *§ 1291*), cert. denied, *469 U.S. 890 (1984)*, with *Hodes v. S. N. C. Achille Lauro ed Altri-Gestione, 858 F. 2d 905, 908* (CA3 1988), cert. dism'd, *490 U.S. 1001 (1989)*; *Sterling Forest Associates, Ltd. v. Barnett-Range Corp., 840 F. 2d 249, 253 (CA4 1988)*; *Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc., 806 F. 2d 848, 851 (CA8 1986)* (holding such denial to be an immediately appealable collateral final order). We now affirm.

[\*\*1978] II

[\*\*\*LEdHR1B] [1B] [\*\*\*LEdHR2] [2] [\*\*\*LEdHR3] [3] [\*\*\*LEdHR4A] [4A]Title *28 U. S. C. § 1291* provides for appeal to the courts of appeals only from "final decisions of the district courts of the United States." For purposes of *§ 1291*, a final judgment is generally regarded as "a decision by the [\*\*\*553] district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Van Cauwenberghe v. Biard, 486 U.S. 517, 521 (1988)*, quoting *Catlin v. United* [\*498] *States, 324 U.S. 229, 233 (1945)*.An order denying a motion to dismiss a civil action on the ground that a contractual forum-selection clause requires that such suit be brought in another jurisdiction is not a decision on the merits that ends the litigation. On the contrary, such an order "ensures that litigation will continue in the District Court." *Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988)*. Section *1291* thus permits an appeal only if an order denying a motion to dismiss based upon a forum-selection clause falls within the "narrow exception to the normal application of the final judgment rule [that] has come to be known as the collateral order doctrine." *Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989)*. That exception is for a "small class" of prejudgment orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, [and that are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen, supra, at 546*. We have held that to fall within the *Cohen* exception, an order must satisfy at least three conditions: "It must 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 431 (1985)*, quoting *Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)*. For present purposes, we need not decide whether an order denying a dismissal motion based upon a contractual forum-selection clause conclusively determines a disputed issue, or whether it resolves an important issue that is independent of the merits of the action, for the District Court's orders fail to satisfy the third requirement of the collateral order test.

[\*\*\*LEdHR4B] [4B]We recently reiterated the "general rule" that an order is "effectively unreviewable" only "where the order at issue [\*499] involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Midland Asphalt Corp., supra, at 798*, quoting *United States v. MacDonald, 435 U.S. 850, 860 (1978)*.If it is eventually decided that the District Court erred in allowing trial in this case to take place in New York, petitioner will have been put to unnecessary trouble and expense, and the value of its contractual right to an Italian forum will have been diminished. It is always true, however, that "there is value . . . in triumphing before trial, rather than after it," *MacDonald, supra, at 860, n. 7*, and this Court has declined to find the costs associated with unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order, see *Richardson-Merrell Inc., supra, at 436* [\*\*\*554] ("[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress" in *§ 1291*). Instead, we have insisted that the right asserted be one that is essentially destroyed if its vindication must be postponed until trial is completed.

We have thus held in cases involving criminal prosecutions that the deprivation [\*\*1979] of a right *not to be tried* is effectively unreviewable after final judgment and is immediately appealable. *Helstoski v. Meanor, 442 U.S. 500 (1979)* (denial of motion to dismiss under the Speech or Debate Clause); *Abney v. United States, 431 U.S. 651 (1977)* (denial of motion to dismiss on double jeopardy grounds). See *Midland Asphalt Corp., supra, at 801* ("A right not to be tried in the sense relevant to the *Cohen* exception rests upon an

explicit statutory or constitutional guarantee *that trial will not occur*") (emphasis added). Similarly, in civil cases, we have held that the denial of a motion to dismiss based upon a claim of absolute immunity from suit is immediately appealable prior to final judgment, *Nixon v. Fitzgerald, 457 U.S. 731, 742-743 (1982)*, "for the essence of absolute immunity is its [\*500] possessor's entitlement not to have to answer for his conduct in a civil damages action," *Mitchell v. Forsyth, 472 U.S. 511, 525 (1985)*. And claims of qualified immunity may be pursued by immediate appeal, because qualified immunity too "is an *immunity from suit*." *Id.*, at 526 (emphasis in original).

On the other hand, we have declined to hold the collateral order doctrine applicable where a district court has denied a claim, not that the defendant has a right not to be sued at all, but that the suit against the defendant is not properly before the particular court because it lacks jurisdiction. In *Van Cauwenberghe v. Biard, 486 U.S. 517 (1988)*, a civil defendant moved for dismissal on the ground that he had been immune from service of process because his presence in the United States had been compelled by extradition to face criminal charges. We noted that, after *Mitchell*, "[t]he critical question . . . is whether 'the essence' of the claimed right is a right not to stand trial," *486 U.S., at 524*, and held that the immunity from service of process defendant asserted did not amount to an immunity from suit -- even though service was essential to the trial court's jurisdiction over the defendant. See also *Catlin v. United States, 324 U.S., at 236* (order denying motion to dismiss petition for condemnation of land not immediately appealable, "even when the motion is based upon jurisdictional grounds").

[\*\*\*LEdHR1C] [1C]Lauro Lines argues here that its contractual forumselection clause provided it with a right to trial before a tribunal in Italy, and with a concomitant right not to be sued anywhere else. This "right not to be haled for trial before tribunals outside the agreed forum," petitioner claims, cannot effectively be vindicated by appeal after trial in an improper forum. Brief for Petitioner 38-39. There is no obviously correct [\*\*\*555] way to characterize the right embodied in petitioner's forum-selection provision: "all litigants who have a meritorious pretrial claim for dismissal can reasonably claim a right not to stand trial." *Van Cauwenberghe, supra,* [\*501] *at 524*. The right appears most like the right to be free from trial if it is characterized -- as by petitioner -- as a right not to be sued at all except in a Neapolitan forum. It appears less like a right not to be subjected to suit if characterized -- as by the Court of Appeals -- as "a right to have the binding adjudication of claims occur in a certain forum." *844 F. 2d, at 55.* Cf. *Van Cauwenberghe, supra, at 526-527.* Even assuming that the former characterization is proper,

however, petitioner is obviously not entitled under the forum-selection clause of its contract to avoid suit altogether, and an entitlement to avoid suit is different in kind from an entitlement to be sued only in a particular forum. Petitioner's claim that it may be sued only in Naples, while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage -- surely as effectively vindicable as a claim that the trial court lacked personal jurisdiction over the defendant -- and hence [\*\*1980] does not fall within the third prong of the collateral order doctrine.

Petitioner argues that there is a strong federal policy favoring the enforcement of foreign forum-selection clauses, citing *The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)*, and that "the essential concomitant of this strong federal policy . . . is the right of immediate appellate review of district court orders denying their enforcement." Brief for Petitioner 40-41. A policy favoring enforcement of forumselection clauses, however, would go to the merits of petitioner's claim that its ticket agreement requires that any suit be filed in Italy and that the agreement should be enforced by the federal courts. Immediate appealability of a prejudgment order denying enforcement, insofar as it depends upon satisfaction of the third prong of the collateral order test, turns on the precise contours of the right asserted, and not upon the likelihood of eventual success on the merits. The Court of Appeals properly dismissed petitioner's appeal, and its judgment is

*Affirmed.*

**CONCUR BY:** SCALIA

**CONCUR**

[\*502] JUSTICE SCALIA, concurring.

I join the opinion of the Court and write separately only to make express what seems to me implicit in its analysis.

The reason we say that the right not to be sued elsewhere than in Naples is "adequately vindicable," *ante*, at 501, by merely reversing any judgment obtained in violation of it is, quite simply, that the law does not deem the right *important enough* to be vindicated by, as it were, an injunction against its violation obtained through interlocutory appeal. The importance of the right asserted has always been a significant part of our collateral order doctrine. When first formulating that doctrine in *Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949)*, we said that it permits interlocutory appeal of final determinations [\*\*\*556] of claims that are not only "separable from, and collateral to, rights asserted in the action," but also, we immediately added, "*too important* to be denied review." *Id., at 546* (emphasis added). Our

later cases have retained that significant requirement. For example, in *Abney v. United States, 431 U.S. 651 (1977)*, we said that in order to qualify for immediate appeal the order must involve "an *important* right which would be 'lost, probably irreparably,' if review had to await final judgment." *Id., at 658* (emphasis added), quoting *Cohen, supra, at 546*. And in *Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978)*, we said that the order must "resolve an *important* issue completely separate from the merits of the action." *Id., at 468* (emphasis added). See also *Van Cauwenberghe v. Biard, 486 U.S. 517, 522-527 (1988); Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276-277 (1988); Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 431 (1985); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 12 (1983); Nixon v. Fitzgerald, 457 U.S. 731, 742 (1982)*.

While it is true, therefore, that the "right not to be sued elsewhere than in Naples" is not fully vindicated -- indeed, to be utterly frank, is positively destroyed -- by permitting [*503] the trial to occur and reversing its outcome, that is vindication enough because the right is not sufficiently important to overcome the policies militating against interlocutory appeals. We have made that judgment when the right not to be tried in a particular court has been created through jurisdictional limitations established by Congress or by international treaty, see *Van Cauwenberghe, supra*. The same judgment applies -- if anything, *a fortiori* -- [**1981] when the right has been created by private agreement.

**REFERENCES**

32A Am Jur 2d, Federal Practice and Procedure 908, 909

2 Federal Procedure, L Ed, Appeal, Certiorari, and Review 3:316, 3:317

*28 USCS 1291*

US L Ed Digest, Appeal 38

Index to Annotations, Collateral Order Doctrine; Conflict of Laws; Finality and Conclusiveness

Annotation References:

What constitutes "collateral order" which is immediately appealable under *28 USCS 1291*-- Supreme Court cases. *99 L Ed 2d 991*.

Validity of contractual provision limiting place or court in which action may be brought. *31 ALR4th 404*.