UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

———————————————————x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., *et al.*,[1] : Case No. 08-12229 (MFW)
:
Debtors. : Jointly Administered
:
:
—————————————————:
:
WASHINGTON MUTUAL, INC. AND :
WMI INVESTMENT CORP., : Adv. Pro. No. 09-50934 (MFW)
:
Plaintiffs, :
:
v. :
:
JPMORGAN CHASE BANK, :
NATIONAL ASSOCIATION, :
:
Defendant. :
———————————————————x

**REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE
DECLARATIONS OF DANIEL P. COONEY AND ROBERT C. SCHOPPE**

Adam G. Landis (I.D. 3407)
Matthew B. McGuire (I.D. 4366)
LANDIS RATH & COBB LLP
919 Market Street Suite 1800
Wilmington, DE 19899
Tel: (302) 467-4400

(Additional Counsel Listed on Signature Page)

*Counsel for JPMorgan Chase Bank,
National Association*

October 21, 2009

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors continue to share the principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

By this Motion, JPMorgan Chase Bank, National Association ("JPMC") seeks to put before this Court evidence reflecting the intent of the only parties to the Purchase and Assumption Agreement ("P&A Agreement") —JPMC and the Federal Deposit Insurance Corporation ("FDIC")—as to the meaning of Section 3.5 of the P&A. Debtors strenuously object to the Court even considering this evidence, on the pretext that the evidence was untimely or that JPMC has engaged in litigation tactics. Debtors' complaints are unfounded.

To begin, Debtors' demands for the declarations to be "stricken" reflect a theme: an ongoing effort to prevent this Court from reviewing evidence establishing that their motion for summary judgment is manifestly improper. Debtors are the ones requesting that this Court enter judgment against JPMC for $4 billion as a matter of summary judgment pre-discovery. As the movants, the burden is at all times on Debtors to prove not only that there is no genuine issue of material fact that the property of these estates exists and is subject to turnover under Section 542, but must also demonstrate there is no genuine issue of material fact as to whether JPMC has a right of setoff, as any setoff rights would constitute a complete defense under 11 U.S.C. § 542(b). For that, the Debtors rely upon untenable assertions regarding the provisions of the P&A Agreement and a reading of the document that the parties to the P&A Agreement know to be incorrect. Debtors' efforts to block this Court from hearing evidence that undermines their position on setoff cannot succeed. JPMC has setoff rights that far exceed the amount that is purportedly subject to turnover.

In any event, Debtors' misplaced opinion that the declarations of Mr. Cooney and Mr. Schoppe do not advance the evidentiary record is irrelevant to the

question of whether the Court should consider the declarations. The Court is well equipped to decide for itself what weight to give these declarations. This Court can decide, for example, whether the sworn declarations of the negotiators of the P&A Agreement as to the meaning of Schedule 3.5 should take precedence over the Debtors' (wrong) interpretation of the intent of parties to an agreement to which they are not a party or a beneficiary. Had Debtors really wanted to make irrelevant to this proceeding issues of fact as to the parties' intent, they should have taken a different tack in their arguments.

Moreover, Debtors' opposition arguments regarding the language of the P&A Agreement cannot fix the factual issue they have created, especially given that their arguments do not fit the express words of that agreement. JPMC has claims (including claims of setoff and recoupment) against Debtors because of their post-receivership conduct, specifically their efforts to lay claim to assets bought from the FDIC. There is nothing in the P&A Agreement that divests JPMC of such claims. Debtors' assertion that JPMC's claims might be extinguished because they purportedly arose before Debtors even took the actions that give rise to those claims and, indeed, before JPMC had even purchased the assets that are the target of Debtors improper actions, is illogical and wrong. If Debtors' argument were accepted, then Debtors could have walked into a former Washington Mutual branch on the morning of September 26, 2008, taken assets that did not belong to them, and then claimed that JPMC was barred from bringing a claim or asserting setoff based on Debtors' post-receivership, pre-bankruptcy misconduct. Nothing in Schedule 3.5 of the P&A Agreement or otherwise permits that result.

Debtors' arguments regarding timing and strategy are also meritless. The timing is simply a reflection of Debtors' tactics: when a non-party to a government contract, who is not even an intended beneficiary of that contract, and who was not privy to the negotiations or execution of that contract, makes up its own interpretation of the parties' intent in an effort to advance its litigation strategy, it takes time to obtain a declaration from the primary negotiator for the United States government to rebut such arguments. Debtors' speculation as to nefarious intent in the timing of this motion is unfounded. JPMC filed this Motion and submitted the declarations the day after Mr. Schoppe's declaration was received from the FDIC.

In sum, Debtors are resisting a very simple request that this Court have before it all evidence relevant to this aspect of the pending motion. The entry of summary judgment imposes a heavy burden on the movant to demonstrate no genuine issue of fact exists. It is for this reason Federal Rule of Civil Procedure 56(c) provides that "[a]n opposing party may serve opposing affidavits before the hearing day." And, it is for this reason that JPMC's Motion for Leave to file the Declarations of Daniel P. Cooney and Robert C. Schoppe should be granted.

Dated: October 21, 2009
Wilmington, Delaware

Respectfully submitted,

/s/ Matthew B. McGuire
Adam G. Landis (I.D. 3407)
Matthew B. McGuire (I.D. 4366)
LANDIS RATH & COBB LLP
919 Market Street Suite 1800
Wilmington, DE 19899
Tel: (302) 467-4400
Fax: (302) 467-4450
landis@lrclaw.com
mcguire@lrclaw.com

– and –

Robert A. Sacks
Hydee R. Feldstein
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Tel: (310) 712-6600
Fax : (310) 712-8800
sacksr@sullcrom.com
feldsteinh@sullcrom.com

Bruce E. Clark
Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel : (212) 558-4000
Fax (212) 558-3588
clarkb@sullcrom.com
friedmans@sullcrom.com

*Counsel for JPMorgan Chase Bank,
National Association*