# Exhibit 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*,[1] | : | Case No. 08-12229 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : | |
| Plaintiff, | : | |
| v. | : | |
| WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | : | |
| Defendants for all claims, | : | Adv. Proc. No. 09-50551 (MFW) |
| -and- | : | |
| | : | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | : | **AMENDED CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| Intervenor-Defendant for all claims; | : | |
| -and- | : | |
| | : | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | : | |
| Additional Defendant for Interpleader Claim, | : | |
| -and- | : | |
| BANK BONDHOLDERS, | : | *(caption continued on next page)* |
| Intervenor-Defendant for Interpleader Claim | x | |
| | x | |

---

[1]     Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are:  (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395).  Debtors continue to share their principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

WASHINGTON MUTUAL, INC. AND WMI          :
INVESTMENT CORP.,                        :
              Plaintiffs,                     :
                                     :
      and                          :    Adv. Proc. No. 09-50934 (MFW)
                                     :
THE OFFICIAL COMMITTEE OF UNSECURED      :
CREDITORS OF WASHINGTON MUTUAL, INC. AND :
WMI INVESTMENT CORP.,                    :
           Intervenor-Plaintiff,          :
                                     :
     v.                           :
                                     :
JPMORGAN CHASE BANK, NATIONAL            :
ASSOCIATION,                             :
          Defendant,                      :
                                     :
     v.                           :
                                     :
FEDERAL DEPOSIT INSURANCE CORPORATION,   :
        Intervenor-Defendant            :
                                     :
    and                          :
                                     :
BANK BONDHOLDERS,                        :
        Intervenor-Defendant.           :

---

                                     :
JPMORGAN CHASE BANK, NATIONAL            :
ASSOCIATION,                             :
                                     :
        Cross-Claimant,                 :
                                     :
     v.                           :
                                     :
FEDERAL DEPOSIT INSURANCE CORPORATION, as :
Receiver of Washington Mutual Bank, Henderson, Nevada, :
                                     :
        Cross-Claim Defendant.          :
                                     :

---

                               x

# AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The Parties to the above-captioned proceedings (the "Actions" as defined further herein), having determined that certain documents and information produced or to be produced during discovery in the Actions should be kept confidential in order to protect the legitimate business and privacy interests of the Parties, their customers and other persons, including non-parties to the Actions, and based upon the stipulation of the Parties, and good cause for entering this *Amended Confidentiality Stipulation and Protective Order* (the "Order") having been shown;

It is hereby stipulated and agreed by the Parties and ordered by the Court that the following procedures shall govern the production and use of all documents, testimony, interrogatory answers and other information produced during discovery in the Actions:[2]

## Definitions

1.     Definitions for the purposes of this Order:

(a)     "Document" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure, including all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a Party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits,

---

[2]     JPMC's and the FDIC's submission of this proposed protective order is without prejudice to their positions with respect to jurisdiction and the proper forum to adjudicate the issues in dispute between the parties. Without prejudice to Debtors' and the Creditors' Committee's positions with respect to jurisdiction and the proper forum to adjudicate the issues in dispute between the parties, the parties have agreed that they will promptly seek to have a conforming protective order entered by the court in the action in the U.S. District Court for the District of Columbia captioned *Washington Mutual, Inc.* v. *F.D.I.C.,* No. 1:09-cv-0533 (RMC) (D.D.C.).

trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above.

(b)     "Disclosed" means shown, divulged, revealed, produced, described, or transmitted, in whole or in part.

(c)     "Confidential Information" has the meaning set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  "Confidential Information" does not include any information that a Party has made publicly available.

(d)     "Confidential Bank Information" means any information the disclosure of which is prohibited or limited in accordance with the applicable banking privileges or bank regulatory laws and regulations.

(e)     "Highly Confidential Information" shall include (i) information about clients and customers of Washington Mutual Bank, Henderson, Nevada, Washington Mutual Bank, fsb, Utah, or JPMC, including the banking activity of such clients and customers; (ii) any information protected from public disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*., or any other or similar state or federal law regarding the protection of private customer information (together, with (i), "Protected Client and Customer Information"); (iii) any trade secret, (iv) any Unpublished OTS Information; (v) documents embodying non-public communications within any disclosing governmental agency or between  such disclosing governmental agency and another governmental agency (or agencies); (vi) documents embodying non-public financial, market, or business analysis conducted by any disclosing governmental agency whose public disclosure may affect market activity or behavior or the business interests of a subject of the analysis; (vii) confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), and Non-

public OCC information, as set forth in 12 C.F.R. § 4.32(b); and (viii) documents that are exempt from public requests for information under the Freedom of Information Act, 5 U.S.C. § 552. All protections applicable under this Order to Confidential Information apply as well to Highly Confidential Information. "Highly Confidential Information" does not include any information that a Party has made publicly available. Pursuant to the requirements of the Scheduling and Discovery Order entered by this Court in the Adversary Proceedings, JPMC and WMI may be required to disclose to all Parties documents that may include Protected Client and Customer Information in order to comply with their discovery obligations in the Adversary Proceedings. By entry of this Order, the Court finds that WMI and JPMC are undertaking reasonable measures to prevent the disclosure of Protected Client and Customer Information and orders that all Parties that receive copies of or access to Documents or other information pursuant to this Order must maintain the confidentiality and avoid disclosure of Protected Client and Customer Information.

(f) "Unpublished OTS Information" is described in 12 C.F.R. § 510.5 and includes, but is not limited to, "records created or obtained in connection with the OTS's performance of its responsibilities, such as records concerning supervision, regulation, and examination of savings associations, their holding companies, and affiliates, and records compiled in connection with the OTS's enforcement responsibilities. Unpublished OTS information also includes information that current and former employees, officers, and agents obtained in their official capacities." Unpublished OTS Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Unpublished OTS Information.

(g)     "Party" means Washington Mutual, Inc. and WMI Investment Corp. (collectively, "WMI" or "Debtors"), JPMorgan Chase Bank, N.A. ("JPMC"), the Federal Deposit Insurance Corporation, in its capacity as receiver for Washington Mutual Bank (the "FDIC-Receiver"), the members of the Creditors' Committee, and the WMB Bondholders. Party shall also include any entity or person later joined as a party in the Actions or permitted to intervene in the Actions, provided that to the extent that any such additional party is a committee or consortium of affiliated or unaffiliated persons or entities, the "Party" for the purposes of this Order shall be no more than two members of the committee or consortium selected by the committee or consortium because their access to Confidential or Highly Confidential Information is reasonably necessary to the litigation. For the purposes of this Order, Party shall not include any entity or person that filed a proof of claim against the estate and has not otherwise been granted intervenor status by the Court or made a party to Adversary Proceeding No. 09-50551 (MFW) or Adversary Proceeding No. 09-50934 (MFW) (collectively, the "Adversary Proceedings").

(h)     The "Actions" means (i) *In re Washington Mutual, Inc., et al.*, Case No. 08-12229 (MFW) (Bankr. D. Del.), including the Adversary Proceedings; (ii) *Washington Mutual, Inc.* v. *F.D.I.C.*, No. 1:09-cv-0533 (RMC) (D.D.C.); (iii) matters arising from any efforts to withdraw the reference of some or all of the Adversary Proceedings, including any withdrawal of the reference of Adversary Proceedings to the Delaware District Court; and (iv) any matters related to or arising from Debtors' investigation and ascertainment of potential estate claims.

(i)     The "Creditors' Committee" means the Official Committee of Unsecured Creditors as appointed by the United States Trustee pursuant to a notice or other

document filed on the docket of Chapter 11 Case No. 08-12229 (MFW) (Jointly Administered). For the avoidance of doubt, "Creditors' Committee" does not include creditors of WMI who are not members of the Creditors' Committee appointed by the United States Trustee, even if their interests are represented by the Creditors' Committee or if they are invited to participate in Creditors' Committee meetings as an ex officio member or similar status.

        (j)      The "WMB Bondholders" means the holders of senior notes issued by Washington Mutual Bank that are listed in the Verified Statement of Wilmer Cutler Pickering Hale and Dorr LLP Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure filed in the Chapter 11 Case No. 08-12229 (MFW) and the Adversary Proceedings on July 7, 2009, as the same may be supplemented or amended from time to time.

        (k)      " Security" shall have the broadest meaning accorded to it by the Securities Exchange Act of 1934, including all stocks, bonds, options, derivatives, or other financial instruments including financial futures.

        (l)      "Third Party" means any natural person, partnership, corporation or association, or other legal entity not named as a Party to the Actions.

        (m)      "Transaction" means any decision to purchase, sell, leverage, put, hedge, loan, pledge, use in connection with a derivative agreement, or short a Security (whether or not the transaction was consummated) and any other transaction similar to those referred to herein, including those decisions relating to any controlled account.

### Permissible Use of Confidential and Highly Confidential Information

        2.      The Parties recognize that documents and data produced in this litigation may contain Protected Client and Customer Information. The Parties agree to take all necessary steps to maintain the confidentiality and avoid disclosure of Protected Client and Customer

Information in keeping with the confidentiality requirements that may apply to Protected client and Customer Information that is produced in discovery in the Actions.

3.  Third parties who are requested to produce or provide documents or things or provide testimony in the Actions may avail themselves of the provisions of the Confidentiality Stipulation and Protective Order, as amended herein, and may produce or provide documents, information, things or testimony containing Confidential or Highly Confidential information in accordance with its provisions without further action by the Court.

4.  Confidential or Highly Confidential Information may be disclosed only to those persons identified in ¶¶ 16 and 17 respectively, below.  Any person obtaining access to Confidential or Highly Confidential Information in connection with the Actions shall use that information only in and for purposes of the Actions, and shall not use such Confidential or Highly Confidential Information for any other purpose, including, but not limited to, the furtherance of that person's business interests, in connection with any Transaction in any Securities, or in any administrative or other judicial proceeding, other than as specified herein. Highly Confidential Information may not be disclosed in any plan or disclosure statement.  If any person violates or threatens to violate any of the terms hereof, the aggrieved Party may seek any appropriate relief from this or any other Court, including sanctions.  OTS shall receive notice of such request for relief and be afforded an opportunity to be heard on the sanctions issues.  In the event that a violation has occurred or is about to occur with respect to Unpublished OTS Information, OTS may seek appropriate injunctive relief.

5.  Confidential or Highly Confidential Information shall not be copied or reproduced for use in the Actions except to the extent such copying or reproduction is reasonably necessary to the conduct of the Actions, and all such copies or reproductions shall be subject to

the terms of this Order. If the duplicating process by which copies or reproductions of Confidential or Highly Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

6.     Notwithstanding the designation of information as Confidential or Highly Confidential by a producing Party, nothing in this Order shall prevent a receiving Party from disclosing Confidential Information if required to do so by applicable law.

7.     Confidential Information, and any court papers (including, without limitation, deposition transcripts, exhibits, briefs, affidavits and affirmations) containing or referring to Confidential Information, when relevant to a proceeding or motion, may be filed with the Clerk of the Court and need not be filed under seal.

**Designation of Confidential or Highly Confidential Information**

8.     A Party or Third Party may designate documents or information as Confidential or Highly Confidential by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document.

9.     Notwithstanding anything otherwise contained herein, all Unpublished OTS Information shall be deemed Highly Confidential Information whether or not designated as such by any Party.

10.     A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Order.

11.     Transcripts of depositions taken in the Actions shall be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the Parties and Third Parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information.    In the event that any Unpublished OTS Information is used or referred to at a deposition, those portions of the transcript referring to Unpublished OTS Information shall be deemed Highly Confidential Information whether or not designated as such by the Parties.  During the 30-day period in which Parties and Third Parties may determine whether to designate portions of a deposition transcript as Confidential or Highly Confidential, court papers that contain or refer to that deposition transcript must be filed under seal.

12.     No more than thirty (30) days after receipt of the complete deposition transcript, counsel for any of the Parties, Third Parties, or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly Confidential Information by transcript page number.  Such designation shall be communicated in writing to all Parties.  Any Party, Third Party, or deponent may also designate specific testimony or transcript pages as Confidential or Highly Confidential Information by notice on the record at the deposition.

13.     Inadvertent failure to designate documents or information as Confidential or Highly Confidential at the time of production may be remedied if, within the latter of either (i) 45 days after such documents or information was produced without the appropriate confidentiality stamp, or (ii) 30 days of notice of the inadvertent failure to designate, the producing Party notifies all Parties that such documents or information had previously been

produced without the appropriate confidentiality stamp. The producing Party shall stamp such newly designated material as "Confidential" or "Highly Confidential" as appropriate. All Parties shall return to the producing Party, or destroy, any unstamped copies of such documents or information upon receipt of such documents or information bearing the appropriate confidentiality stamp.

14.    In the event a Party produces two or more identical or substantially identical copies of a document or other material, and any copy is designated Confidential or Highly Confidential, while other copies are not so designated, all such identical or substantially identical documents or other materials shall be treated as either Confidential or Highly Confidential as appropriate, to the extent the producing Party notifies the parties of the existence and bates numbers or other identifying information of such non-designated copies.

15.    The burden of proving that any information is Confidential or Highly Confidential shall remain with the Party or Third Party making such designation.

**Permissible Disclosure of Confidential and Highly Confidential Information**

16.    Subject to Paragraph 19 below, Confidential Information may be disclosed only to:

(a)    Current and former employees, officers or directors of the Parties, the Parties themselves and persons producing the information, provided that disclosure is permitted by ¶¶ 2 through 7 above, and is reasonably necessary to the litigation of the Actions;

(b)    Counsel for the Parties to the Actions, including in-house counsel, outside counsel of record who has appeared in the Actions on behalf of a Party, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with the Actions, but only to the extent reasonably necessary to render professional services in the Actions;

11

(c)     Litigation support services, including outside copying services;

(d)     Persons expected to be deponents, trial witnesses and hearing witnesses in the Actions and counsel to such persons (in the case of trial or hearings, subject to ¶ 30);

(e)     Any person identified as an author of a document designated as containing Confidential Information, or any person to whom a copy of such document was sent prior to its production in the Actions;

(f)     Court officials involved in the Actions;

(g)     Court reporting personnel involved in taking or transcribing testimony in the Actions;

(h)     Any mediator or arbitrator engaged by the Parties to the Actions, or appointed by the Court;

(i)     Outside consultants, financial advisors or experts retained for the purpose of assisting in-house counsel, or outside counsel of record who has appeared in the Actions on behalf of a Party in the Actions, described in ¶ 16(b) above, provided that they comply with the requirements of ¶ 19;

17.     Subject to Paragraph 19 below, Highly Confidential Information may be disclosed only to:

(a)     Current employees, officers or directors of the Party or person designating the information as Highly Confidential;

(b)     Former employees, officers or directors of the Party or person designating the information as Highly Confidential, provided that counsel has a good-faith basis for believing that such former employees had access to the Highly Confidential Information

when they were current employees of the designating Party or person, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

(c)     Counsel for the Parties to the Actions, including in-house counsel, outside counsel of record who has appeared in the Actions on behalf of a Party, and legal assistants, secretaries, staff or agents working with or for such counsel in connection with the Actions, but only to the extent reasonably necessary to render professional services in the Actions;

(d)     Litigation support services, including outside copying services;

(e)     Persons expected to be deponents, trial witnesses and hearing witnesses in the Actions and counsel to such persons (in the case of trial or hearings, subject to ¶ 30), provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Information, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

(f)     Any person identified as an author of a document designated as Highly Confidential, or any person to whom a copy of such document was sent prior to its production in the Actions;

(g)     Court officials involved in the Actions;

(h)     Court reporting personnel involved in taking or transcribing testimony in the Actions;

(i)  Any mediator or arbitrator engaged by the Parties to the Actions, or appointed by the Court; and

(j)  Outside consultants, financial advisors or experts retained for the purpose of assisting in-house counsel, or outside counsel of record who has appeared in the Actions on behalf of a Party in the Actions, described in ¶ 17(c) above, provided that they comply with the requirements of ¶ 19.

18.  Notwithstanding the provisions of ¶¶ 16 and 17 above, a person or Party that produces its own Confidential or Highly Confidential Information or otherwise rightfully has access to such information and is not under an obligation to maintain that information as confidential, is free to disclose that Confidential or Highly Confidential Information without restriction.  Moreover, nothing shall prevent disclosure of non-Unpublished OTS Information beyond the terms of this Order if the Party or other person designating the documents as Confidential or Highly Confidential expressly consents to such disclosure, either in writing or on the record of any proceeding in the Actions.

### Confidentiality Undertaking

19.  Before any person described in ¶¶ 16(i) and 17(j) above is given access to Confidential or Highly Confidential Information, the individual to whom disclosure is to be made shall first read this Order, and execute an Acknowledgment and Consent in the form attached hereto as Exhibit A.  Execution of that agreement confirms the signatory's understanding of this Order, willingness to be bound by the provisions of this Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate.  Copies of such agreements shall be held by counsel of record for the Party so disclosing the Confidential or Highly Confidential Information.  The agreements executed pursuant to this paragraph shall

be discoverable only upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order.

20.     Counsel for the Parties to whom Confidential or Highly Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.  All persons who have received Confidential or Highly Confidential Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

### Filing Under Seal

21.     Highly Confidential Information shall not be filed with the Clerk of the Court except when required by Court rule or in connection with motions or applications submitted to the Court.  Any Highly Confidential Information, and any court papers containing or referring to Highly Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits and affirmations), if filed, shall be filed under seal while in the Clerk's office as long as the documents or information retain their status as Highly Confidential.  Court papers filed under seal pursuant to this Order shall have the following wording placed in italics at the top of the first page of the document:

> *This submission contains Highly Confidential Information, access to which is governed by the Confidentiality Stipulation and Protective Order, entered January 28, 2010, as amended by the Amended Confidentiality Stipulation and Protective Order, entered February __, 2010.*

### Challenges to Designations of Confidentiality

22.     Any Party may, after attempting to resolve the matter by agreement, apply to the Court pursuant to the applicable rules, for a ruling that certain documents or testimony designated as Confidential or Highly Confidential, or the information therein, is not entitled to confidential status or protection or, if designated Highly Confidential, is entitled only to be

designated as Confidential. It is understood and agreed that the producing Party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom. The provisions of this Paragraph permitting challenges to a confidentiality designation shall not apply to Unpublished OTS Information.

23. The Parties shall not be obligated to challenge the propriety of any designation of information as Confidential or Highly Confidential, and the failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such information to persons not referred to in Paragraphs 16 and 17 above.

### Nonwaiver of Privileges

24. In accordance with the applicable Rules (including Federal Rule of Evidence 502(d)), disclosure in the course of discovery in the Actions of any document or information (whether designated as confidential or not) shall not be deemed to waive whatever attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information. If any Party or Parties receives any information that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appear to be subject to a legally recognized privilege, the receiving party shall provide immediate notice to providing party, shall not review the apparently privileged information, and shall return any materials containing the apparently privileged information, as well as delete or destroy any copies of such materials. If a producing party, promptly after discovery, notifies a receiving party that it inadvertently produced or provided access to information that is subject to a good faith claim of privilege, upon such notice, the receiving party shall not review the apparently privileged information, and shall return any

16

materials containing the apparently privileged information, as well as delete or destroy any copies of such materials.

25.     The return of any documents claimed to be privileged shall not constitute an acknowledgment that the claimed documents or information is in fact privileged or entitled to protections or immunity.  Notwithstanding the foregoing, a receiving Party may promptly present the information to the Court under seal for determination of the producing Party's claim that the documents or information is privileged or entitled to protections or immunity and retain a copy of the document for this limited purpose until the Court resolves the claim of privilege.  The producing Party must preserve the information until the claim is resolved.  Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or ethical rules.

26.     Nothing herein shall affect any Party's or person's right or obligation to withhold from disclosure documents or information that is privileged, Confidential Bank Information, or information that is otherwise protected from disclosure.  With the exception of Unpublished OTS Information which may be disclosed pursuant to the confidentiality protections provided herein, to the extent that bank regulatory laws and regulations, or any other governmental restrictions, limit disclosure of Confidential Bank Information, a Party or person served with requests for documents containing Confidential Bank Information agrees to work with the applicable agency to gain its consent for production of such documents and all parties agree to work together to ensure that additional confidentiality protections, if any, are put in place to facilitate disclosure.

27.     The Parties acknowledge that certain information, including certain Confidential Bank Information and information protected by the attorney-client privilege, may

be appropriately disclosed among, depending on the circumstances, some or all of WMI, JPMC and the FDIC, but may not be disclosed to other Parties or persons. Such information may be offered in evidence at trial or offered in any court hearing subject to procedures to be established by the Parties and the Court to govern the use and protection of such information.

28. The Parties understand that documents and information produced in the Actions may contain material, non-public information that may preclude them from engaging in Transactions in Securities. Nothing herein shall affect any Party's or person's obligation to comply with applicable laws concerning the use of material, non-public information.

## Nonwaiver of Objection to Discovery

29. Nothing herein shall affect any Party's or person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any Party's right to seek the production of documents, testimony or any other information from any other source.

## Use of Confidential or Highly Confidential Information at Trial

30. Confidential or Highly Confidential Information may be offered in evidence at trial or offered in any court hearing subject to procedures to be established by the Parties and the Court to govern the use and protection of such information.

## Production of Documents Prior to Litigation Use

31. Any document subject to the discovery process that is used at a deposition, trial, or hearing, or included in any court papers (including, without limitation, briefs, exhibits, affidavits, and affirmations), must have been appropriately produced in accordance with the discovery process before the date on which the deposition, trial, or hearing will occur, and before the date on which the court papers are filed. Any document subject to the discovery process that is used at a deposition, trial, or hearing, or in court papers, must be Bates stamped, and if

applicable, marked with a confidentiality designation prior to or during the deposition, trial, or hearing, and before or on the date on which the court papers are filed. Any document that is used at a deposition must also be designated by deposition exhibit number.

### Subpoenas Seeking Confidential or Highly Confidential Information

32. If any Party or person that has obtained Confidential or Highly Confidential Information under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such Party or person shall promptly notify the Party or person that designated the information or documents as Confidential or Highly Confidential of the service of the subpoena. The Party or person receiving the subpoena shall not produce any Confidential or Highly Confidential Information in response to the subpoena without either the prior written consent of the Party or person that designated the documents or information as Confidential or Highly Confidential, or the OTS as to any Unpublished OTS Information, or an order of a court of competent jurisdiction. However, the Party or person that designated such Confidential or Highly Confidential Information in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or Party shall be relieved of its obligations under this paragraph.

### Procedure Upon Termination of Litigation

33. The provisions of this Order shall not terminate at the conclusion of the Actions. Within sixty (60) days after the final determination of the Actions and any and all appeals therefrom, Confidential or Highly Confidential Information (including all Unpublished OTS Information) and all copies of same, and all documents containing or referring to Confidential or Highly Confidential Information (including Unpublished OTS Information), other than trial transcripts and trial exhibits admitted into evidence, and copies of any pleading or

paper filed of record with the Court, shall either be returned to the producing Party or person or destroyed; provided, however, that privileged documents, documents containing Confidential Bank Information, and documents containing attorney work product need not be returned but instead shall be destroyed. Thereafter, no party shall reveal or disclose any Unpublished OTS information to any person not subject to this Order.

## 12 U.S.C. § 1828(x) – Nonwaiver of Privilege For Documents Disclosed to Banking Agency

34.     The protections of 12 U.S.C. § 1828(x)[3] shall apply to all documents that are subject to this Order.

## Amendment of This Order

35.     The provisions of this Order may be modified only by order of the Court for good cause shown. Any Party or Third Party may request such modification. The prior

---

[3]      12 U.S.C. § 1828(x) currently reads as follows:
**(x) Privileges not affected by disclosure to banking agency or supervisor**
*(footnote continued)*

> **(1) In general.** The submission by any person of any information to any Federal banking agency, State bank supervisor, or foreign banking authority for any purpose in the course of any supervisory or regulatory process of such agency, supervisor, or authority shall not be construed as waiving, destroying, or otherwise affecting any privilege such person may claim with respect to such information under Federal or State law as to any person or entity other than such agency, supervisor, or authority.
> **(2) Rule of construction.** No provision of paragraph (1) may be construed as implying or establishing that—
>> **(A)** any person waives any privilege applicable to information that is submitted or transferred under any circumstance to which paragraph (1) does not apply; or
>> **(B)** any person would waive any privilege applicable to any information by submitting the information to any Federal banking agency, State bank supervisor, or foreign banking authority, but for this subsection.

consent of OTS shall be required for any modification that would alter the treatment of Unpublished OTS Information.

36. The prior consent of any governmental agency that produces documents pursuant to the Confidentiality Stipulation and Protective Order is required for any modification or amendment, separate from the amendments set forth herein, that would alter the treatment of any such documents that contain or include Highly Confidential Information.

*(Remainder of page intentionally left blank.)*

Dated: February 18, 2010
      Wilmington, Delaware

Respectfully submitted,

_____
Rafael X. Zahralddin-Aravena (No. 4166)
Neil R. Lapinski (No. 3645)
Shelley A. Kinsella (No. 4023)
ELLIOTT GREENLEAF
1105 North Market Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 384-9400

-and-

Peter E. Calamari
Michael B. Carlinsky
Susheel Kirpalani
David Elsberg
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000

*Special Litigation and Conflicts*
*Co-Counsel for Washington Mutual, Inc.*
*And WMI Investment Corp.*

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Tel: (302) 467-4400

-and-

Robert A. Sacks
Hydee R. Feldstein
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Tel: (310) 712-6600

Bruce E. Clark
Stacey F. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000

*Counsel for JPMorgan Chase Bank,*
*National Association*

_/s/ M. Blake Cleary_
M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 571-6600

-and-

Thomas R. Califano
John J. Clarke, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500

_Attorneys for the FDIC-Receiver_


_/s/ David B. Stratton_
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 777-6500

-and-

Laurence Z. Shiekman
Elizabeth S. Campbell
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, Pennsylvania 19103

_Attorneys for the Official Committee of
Unsecured Creditors of Washington Mutual,
Inc._

_/s/ Timothy P. Cairns_
Laura Davis Jones
Alan Kornfeld
Timothy P. Cairns
PACHULSKI STANG ZIEHL
& JONES LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 652-4100

-and-

Philip D. Anker
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

Russell J. Bruemmer
Gianna Ravenscroft
Nancy L. Manzer
Lisa Ewart
WILMER CUTLER PICKERING
HALE AND DORR LLP
1785 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel.: (202) 663-6000

_Attorneys for WMB Bondholders_


Christopher A. Sterbenz
Senior Attorney
OFFICE OF THRIFT SUPERVISION
1700 G Street N.W.
Washington, D.C. 20552
Tel: (202) 906-6528

M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 571-6600

-and-

Thomas R. Califano
John J. Clarke, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500

*Attorneys for the FDIC-Receiver*


David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 777-6500

-and-

Laurence Z. Shickman
Elizabeth S. Campbell
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, Pennsylvania 19103

*Attorneys for the Official Committee of
Unsecured Creditors of Washington Mutual,
Inc.*

Laura Davis Jones
Alan Kornfeld
Timothy P. Cairns
PACHULSKI STANG ZIEHL
& JONES LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 652-4100

-and-

Philip D. Anker
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

Russell J. Bruemmer
Gianna Ravenscroft
Nancy L. Manzer
Lisa Ewart
WILMER CUTLER PICKERING
HALE AND DORR LLP
1785 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel.: (202) 663-6000

*Attorneys for WMB Bondholders*

Christopher A. Sterbenz
Senior Attorney
OFFICE OF THRIFT SUPERVISION
1700 G Street N.W.
Washington, D.C. 20552
Tel: (202) 906-6528

# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*,[1] | : | Case No. 08-12229 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | |

|  |  |  |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : | |
| Plaintiff, | : | |
| v. | : | |
| WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | : | |
| Defendants for all claims, | : | Adv. Proc. No. 09-50551 (MFW) |
| -and- | : | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | : | **ACKNOWLEDGMENT AND CONSENT** |
| Intervenor-Defendant for all claims; | : | |
| -and- | : | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | : | |
| Additional Defendant for Interpleader Claim, | : | |
| -and- | : | |
| BANK BONDHOLDERS, | : | *(caption continued on next page)* |
| Intervenor-Defendant for Interpleader Claim | x | |

---

x

---

[1] Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). Debtors continue to share their principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

WASHINGTON MUTUAL, INC. AND WMI          :
INVESTMENT CORP.,                        :
                    Plaintiffs,          :
                                         :
        and                              :          Adv. Proc. No. 09-50934 (MFW)
                                         :
THE OFFICIAL COMMITTEE OF UNSECURED      :
CREDITORS OF WASHINGTON MUTUAL, INC. AND :
WMI INVESTMENT CORP.,                    :
                    Intervenor-Plaintiff,:
                                         :
        v.                               :
                                         :
JPMORGAN CHASE BANK, NATIONAL            :
ASSOCIATION,                             :
                    Defendant,           :
                                         :
        v.                               :
                                         :
FEDERAL DEPOSIT INSURANCE CORPORATION,   :
                    Intervenor-Defendant :
                                         :
        and                              :
                                         :
BANK BONDHOLDERS,                        :
                    Intervenor-Defendant.:

---

JPMORGAN CHASE BANK, NATIONAL            :
ASSOCIATION,                             :
                                         :
                    Cross-Claimant,      :
                                         :
        v.                               :
                                         :
FEDERAL DEPOSIT INSURANCE CORPORATION, as:
Receiver of Washington Mutual Bank, Henderson, Nevada, :
                                         :
                    Cross-Claim Defendant.:
                                         :
_____x

## ACKNOWLEDGMENT AND CONSENT

I hereby certify that: (i) I have read the Amended Confidentiality Stipulation and Protective Order (the "Stipulation") that has been entered by the Court in the above-captioned proceedings, and I understand its terms; (ii) I understand that discovery material designated as Confidential or Highly Confidential under the Order is being provided to me pursuant to the terms of the Stipulation; (iii) I agree to be fully bound by the provisions of the Stipulation, including its provisions restricting disclosure of material designated as Confidential or Highly Confidential and limiting the use of such material to the conduct of the action; and (iv) I hereby submit to the jurisdiction of the United States Bankruptcy District Court for the District of Delaware for purposes of enforcement of the Stipulation.


Dated: _____        Signature: _____